NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| S. KATZMAN PRODUCE, INC., et al., | : | Civil Action No.: 12-1384 (ES) |
| Plaintiffs, | : : | |
| | : | OPINION |
| v. | : : | |
| DEPIERO'S FARM, INC., et al., | : : | |
| Defendants. | : : | |

### I.   Introduction

Before the Court is S. Katzman Produce, Inc. and Katzman Berry Corp.'s (collectively "Plaintiffs") application for a Temporary Restraining Order and Order to Show Cause pursuant to the provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a ("PACA").[1] This Court has jurisdiction pursuant to 7 U.S.C. § 499e(c)(5)(i) and 28 U.S.C. § 1331.  The Court has reviewed the submissions, including Plaintiffs' Complaint, Memorandum of Law in support of Plaintiffs' application, the Certification of Counsel pursuant to Federal Rule of Civil Procedure 65(b)(2), and the Affidavit of Mario Andreani, General Manager of S. Katzman Produce, Inc. and Katzman Berry Corp.  For the reasons set forth below, Plaintiffs' application for the issuance of a Temporary Restraining Order and Order to Show Cause is granted.

---

[1] This application was made without notice to Defendants pursuant to Federal Rule of Civil Procedure 65(b)(2).

## II.     Background[2]

Plaintiffs are in the business of selling wholesale quantities of perishable agricultural commodities in interstate commerce, and are licensed dealers of produce under PACA. (Compl. ¶ 3).  The Defendants are Depiero's Farms, Inc., Edward Depiero, Elaine Depiero, Glen Depiero, and Terry Depiero.  Depiero's Farms, Inc. is engaged in the business of buying wholesale quantities of produce in interstate commerce, and is a licensed dealer of produce under PACA.  (*Id.* ¶ 4).[3]  The individual Defendants—Edward Depiero, Elaine Depiero, Glen Depiero, and Terry Depiero—are officers and principals of Depiero's Farms, Inc.  (*Id.* ¶ 6).

Plaintiffs allege, in brief, that between March 2011 and April 2011, they sold and delivered $85,346.30 worth of produce to Defendants.  (*Id.* ¶ 8).  Plaintiffs aver that invoices containing the language required by 7 U.S.C. § 499e(c)(4) were delivered to Defendants, and that the deadline for payment under those invoices has expired.  (*Id.* ¶¶ 10, 11).  According to the Plaintiffs, the "Defendants are experiencing severe cash flow problems, are unable to pay Plaintiffs any portion of the amount due, and are uncertain when and if they will be able to pay the Plaintiffs for the produce."  (*Id.* ¶ 13).

## III.    Legal Standard

When evaluating a motion for a temporary restraining order, the Court must consider four factors: "(1) the likelihood of success on the merits after a full hearing; (2) whether the movant will be irreparably injured without the restraint; (3) whether the party to be enjoined will be irreparably injured if the preliminary relief is granted; and (4) whether the public interest will be served by the preliminary relief."  *Value Grp., Inc. v. Mendham Lake Estates, L.P.*, 800 F. Supp.

---

[2] In addition to the facts provided in this Court's Opinion, the Court incorporates the facts provided on the record by David W. Fassett, Esq., who serves as Counsel for Plaintiffs.

[3] At the outset the Court notes that the paragraphs in Plaintiffs' Complaint are misnumbered.  Specifically, Paragraph "5" appears to be missing from the Complaint.  For that reason, the Court cites to the Complaint as currently pleaded.

1228, 1231 (D.N.J. 1992) (citing *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 191-92 (3d Cir. 1990)).

**IV.     Analysis**

With the foregoing legal standard in mind, the Court determines whether the factors enumerated above have been satisfied.

First, the Court finds that Plaintiffs are likely to succeed on the merits after a full hearing. Specifically, Plaintiffs' proffered evidence meets the obligations established by PACA. There is apparently no dispute that this debt is overdue and owing. Second, the Court finds that Plaintiffs will be irreparably injured without this temporary restraint. Indeed, there is a likelihood that the PACA Trust funds will be further dissipated if this relief is not put in place to preserve the status quo pending the opportunity for a more complete hearing. *See Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132, 139 (3d Cir. 2000) ("We conclude that an adequate remedy at law does not exist, and that injunctive relief to prevent the dissipation of PACA trust assets may issue, when it is shown that the trust is being depleted and the likelihood is great that there will be no funds available to satisfy a legal judgment against the delinquent buyer."). As to the third factor, the Court holds that Plaintiffs have demonstrated that there is little risk that the Defendants would be irreparably injured if this emergent relief is granted. The Defendants have no right to use the PACA Trust funds for any purpose other than to pay Plaintiff for the produce it received. To that end, the entry of temporary restraints serves that purpose without harm to any cognizable interest of the Defendants. Finally, the Court finds that the public interest will be strongly served by granting the emergent relief requested. Under PACA, Congress has unequivocally expressed the importance of protecting the interests of produce purveyors in

connection with their interstate transactions. *See Spectrum Produce Distrib., Inc. v. Fresh Mktg., Inc.*, No. 11-6368, 2011 U.S. Dist. LEXIS 126348, at *6, 7 (D.N.J. Nov. 1, 2011).

For these reasons, the Court is satisfied that, under the present circumstances, the issuance of a Temporary Restraining Order is appropriate. Accordingly, the Order to Show Cause with Temporary Restraints will be entered. The Court will restrain Defendant Depiero's Farm, Inc. from alienating, dissipating, paying over or signing any assets except for payment to Plaintiffs until further Order of this Court, or until Defendants pay Plaintiffs the sum of $85,346.30 plus interest, costs, and attorney's fees.[4]

The temporary restraints can be dissolved upon application of Defendants upon at least two days' notice, for good cause shown after a hearing. The Preliminary Injunction hearing will take place on **Friday, March 16, 2012 at 2:00 PM** before the Undersigned in Courtroom 5A, United States Courthouse, 50 Walnut Street, Newark, New Jersey. The briefing schedule is set forth in the accompanying Order.

## VI.   Conclusion

For the foregoing reasons, Plaintiffs' application seeking a Temporary Restraining Order and Order to Show Cause is granted.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[4] The Plaintiffs do not seek to enjoin the personal assets of the individual Defendants at this time. (*See* Pl. Moving Br. at 2).